09-1928-ag
Liang v. Holder

BIA
Sichel, IJ
A094 048 717

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of May, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> PETER W. HALL,
>   *Circuit Judges*.

---

XUN XING LIANG,
>   *Petitioner*,

v.                                    09-1928-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>   *Respondent*.

---

FOR PETITIONER:          Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xun Xing Liang, a native and citizen of the People's Republic of China, seeks review of an April 13, 2009 order of the BIA, affirming the September 25, 2007 decision of Immigration Judge ("IJ") Helen Sichel denying his application for asylum and withholding of removal. *In re Xun Xing Liang,* No. A094 048 717 (BIA Apr. 13, 2009), *aff'g* No. A094 048 717 (Immig. Ct. N.Y. City Sept. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as in this case, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Liang no longer contends that he is entitled to asylum or withholding of removal based on his wife's forced

sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (en banc). Rather, he maintains that remand is required for further factfinding regarding whether two fines imposed on him in China -- one for 14,000 RMB paid by Liang's relatives and another for 30,000 RMB that Liang did not pay -- rise to the level of persecution. *See generally Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir. 2005). We disagree.

"The applicant bears the burden of demonstrating eligibility for asylum and withholding of removal . . . ." *Delgado v. Mukasey*, 508 F.3d 702, 706 (2d Cir. 2007). "While we recognize that economic deprivation may constitute persecution, an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir. 2002) (internal quotation marks omitted); *accord In re T-Z-,* 24 I. & N. Dec. 163, 171 (BIA 2007). We identify no error in the BIA's conclusion that Liang failed to carry this burden when, as the BIA noted, Liang's brief testimony about the 30,000 RMB fine did not disclose, *inter alia*, (1) the length of time he was given to pay the fine, (2) his net worth, (3) his monthly income and expenses, and (4) whether he would be punished for failure to pay.

3

Further, contrary to Liang's argument, the BIA did not err in considering whether he adduced sufficient evidence to establish his eligibility for relief.  This is a legal question that the BIA may review *de novo*.  *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Matter of A-S-B-,* 24 I. & N. Dec. 493, 497 (BIA 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4